UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

TONY L. HOLMES                                    CIVIL ACTION NO. 07-2226

VS.                                                        SECTION P

DETENTION CENTER MADISON PARISH, ET AL.   JUDGE JAMES

                                                          MAGISTRATE JUDGE HAYES

<u>REPORT AND RECOMMENDATION</u>

Before the court is a *pro se* civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on December 17, 2007, by Tony L. Holmes.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is incarcerated at the Madison Parish Work Release Facility, Tallulah, Louisiana. He complains that he was denied prompt medical attention during the two week period following September 10, 2007.  He sues Nurse Lillian Smith, Nurse Faye Maxwell, and Madison Parish Sheriff Larry Cox and seeks an unspecified amount of damages.[1] This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

---

[1] In his original complaint, plaintiff named Nurse Lillian Smith and Sheriff Larry Cox as defendants. [doc. 1, p. 3] In his first amended complaint he mentioned Warden Shivers [doc. 7, p. 2] and Nurse Faye Maxwell [doc. 7, p. 3], and, in his second amended complaint he named only Sheriff Cox and Nurses Smith and Maxwell as defendants. [doc. 9, p. 1]

Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. On September 10, 2007, he was incarcerated at the Madison Parish Work Release Facility where he was assigned work detail on the road crew.

Sometime during the morning of September 10, 2007, plaintiff was bitten by ants. That afternoon, he informed his supervisor, Mr. Powell, that he had been bitten by ants and that he was feeling sick and dehydrated. Powell told plaintiff to stop working and allowed him to sit in the van. Plaintiff began to vomit and brought that fact to Mr. Powell's attention. Powell asked plaintiff to "hang in there" and, at about 3:30 p.m. plaintiff and the work crew returned to the facility.  Powell advised plaintiff to take the next day off if he did not feel any better.

Plaintiff returned to his dormitory, but felt too weak to shower.  He rested that evening but then began to vomit again.  He advised Lieutenant Holloway that he had been bitten by ants and that he was feeling sick.  Holloway attempted to get a nurse from the facility to examine plaintiff, but the nurses had already finished their shift and returned home.  Holloway gave plaintiff some IBUs.[2]  Plaintiff had a restless night.

The following morning, September 11, at 8:30 a.m., plaintiff was escorted to the medical department by Mr. Powell.  However, the nurse had not yet arrived.  Plaintiff returned at 10:30 a.m. and was examined by a nurse who concluded that plaintiff was having a reaction to the ant

_____

[2] IBUs or ibuprofen is used to reduce fever and to relieve mild pain from headaches, muscle aches, arthritis, menstrual periods, the common cold, toothaches, and backaches. Ibuprofen is in a class of medications called NSAIDs. It works by stopping the body's production of a substance that causes pain, fever, and inflammation. See Medline Plus, a service of the U.S. National Library of Medicine and the National Institutes of Health at http://www.nlm.nih.gov/medlineplus/druginfo/medmaster/a682159.html

bites.  She also gave plaintiff IBUs.  Since plaintiff's blood pressure was high, plaintiff was taken off of work detail.  Plaintiff continued to vomit and feel weaker as the day progressed.

On September 12, 2007, plaintiff's condition had not improved.  Plaintiff could not get out of bed and could not keep anything in his stomach because of the continued vomiting.  His fellow inmates escorted him to see Lieutenant Skinner who again provided IBUs for plaintiff.

On September 13, 2007, plaintiff's condition did not improve.

On September 14, 2007, plaintiff continued to vomit and feel weaker.  He told Lieutenant Skinner that he needed to be hospitalized and Skinner attempted to contact the nurse.  Captain Burns eventually contacted Nurse Sara and Nurse Lillian Smith but neither was able to return to the facility.  However, Nurse Maxwell eventually arrived at the facility.  She examined plaintiff and gave him blood pressure medication to reduce his blood pressure and applied cool compresses to plaintiff's forehead to reduce the fever.  Nurse Maxwell administered more IBUs then had plaintiff returned to his dormitory.  She advised plaintiff that Sheriff Larry Cox had advised her that unless the prisoner had a broken arm, he should not be taken to the hospital because in the past prisoners lied about being sick in order to get a ride out of the facility.  She further advised plaintiff that he would need the permission of Nurse Lillian Smith, the facility's head nurse, to go to an outside hospital for examination and treatment.

On September 15, 2007, the head nurse checked plaintiff's blood pressure and gave him blood pressure medication and some other pill.  Plaintiff again requested an examination by a physician; however, the nurse refused saying that a physician would do him no good.

According to the plaintiff, he remained sick for another week, suffering from the effects of the ant bites for a period of two weeks in all. [doc. 7]

3

### Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A.*

4

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).  Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff contends that the defendants have been deliberately indifferent to his medical needs by failing to  provide prompt and appropriate medical treatment for nausea and dehydration during the two week period beginning on September 10, 2007.  Plaintiff has been afforded two opportunities to amend his complaint to provide the allegations of fact necessary to state a claim.  As is shown hereinafter, he has not taken full advantage of this opportunity and his complaint and amended complaints are clearly subject to dismissal on initial review in accordance with the provisions of 28 U.S.C. §§1915 and 1915A.

5

### 2. Medical Care

Plaintiff claims that the defendants have treated his medical condition inappropriately. Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

More importantly, and *apropos* to the facts of this complaint, the mere fact that a plaintiff

6

disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. Plaintiff has not alleged that either of the defendants were aware of facts from which an inference of substantial risk of serious harm could be drawn. Further, even if he had made such a showing, he has failed to show that anyone actually drew such an inference and that their response to his complaints indicated that they subjectively intended that harm occur to him. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001).

In addition, whether or not these defendants, or any others, "should have perceived" a risk of harm to plaintiff, but did not, is of no moment since "...the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

Plaintiff's allegations of fact have been accepted as true for the purposes of this Report. His complaint reveals that he was bitten by ants sometime in the morning of September 10. He was relieved from further work responsibility and was returned to the facility at 3:30 p.m. When he complained of vomiting and dehydration, a Corrections Officer attempted to contact the medical department, but the nurse had by that time finished her shift and returned home. He was, however, provided ibuprofen to relieve his fever.

On September 11 he was examined by a nurse who concluded that plaintiff was having a

7

reaction to the ant bites.  She gave plaintiff ibuprofen and took plaintiff off of his work detail.

On September 12 he was again provided ibuprofen.

On September 14 he was examined by Nurse Maxwell who gave him blood pressure medication. She also applied cool compresses to reduce plaintiff's fever.

On September 15 he was examined by the head nurse and given medication.

Plaintiff maintains that he remained ill for another week; however, he did not provide a day to day description of the symptoms or treatment he received during that period.

Clearly, plaintiff was provided treatment during the first week of his illness. Plaintiff, of course, disagrees with the efficacy of  treatment provided, but, as shown above, this disagreement with diagnosis and treatment is insufficient to state a claim for deliberate indifference. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

In short, the facts alleged herein, taken as true for the purposes of this Report, do not establish that the defendants were deliberately indifferent to a serious medical need. Plaintiff's claims against the defendants are therefore frivolous and dismissal on that basis is recommended.

*3. Conclusion*

Therefore, based on the foregoing,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond

to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 1st day of July, 2008.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE

9